(October 31, 1989)

■ CONNIE GARCIA, Respondent, v PARADISE GUARD DOGS, INC., Doing Business as STA-MEL LEASING COMPANY, Appellant.—Judgment of the Supreme Court, Bronx County (Beverly Cohen, J.), entered July 15, 1988, after jury trial, which found against defendant and assessed its fault at 60%, is unanimously reversed, on the law and facts, and the matter remanded for a new trial, without costs or disbursements.

Plaintiff is a dog groom, hired by defendant as an independent contractor for the manicuring, hair cutting and cleaning

of small dogs, such as poodles. Defendant operates a kennel which, in addition to boarding dogs, also offered obedience training and attack-by-command training. While plaintiff did not train such guard dogs, she occasionally did some work involving them, when the normal kennel worker or handler of a particular dog was not present.

Plaintiff did some kennel work for a pit bull dog by the name of Samson, who had apparently been trained at defendant's facility and was now being boarded there. Samson, a security animal, also had the personality peculiar to its breed. Plaintiff was aware that the dog had displayed viciousness to others on occasion, but testified that Samson never showed any viciousness toward her and, in fact, acted like "a little pet" with her. She was also aware, as a trained groom, that getting bitten was one of the risks of dealing with dogs and that one of the major functions of her employer was in training guard dogs.

On the occasion in question, plaintiff had just taken Samson upstairs for an outside run on the roof, and apparently the presence of other dogs had gotten him agitated. As she guided Samson back to his cage, he turned and attacked her.

The trial court in its charge instructed the jury, *inter alia,* that a person who keeps a dangerous animal "is presumed to be negligent" and further, that plaintiff did "not have to prove the defendant was negligent in harboring the dog because the defendant's liability for injuries resulting from harboring a dangerous animal is fixed by law".

This portion of the charge was erroneous under the factual circumstances herein involving a professional kennel worker. There was a factual issue raised as to whether plaintiff chose to work with such potentially dangerous animals and considered such work to be within her job duties. Accordingly, the court should not have taken the issue of whether defendant was negligent away from the jury. Concur—Murphy, P. J., Sullivan, Ross, Asch and Wallach, JJ.